## COMMONWEALTH OF PUERTO RICO
## COURT OF FIRST INSTANCE
## SUPERIOR COURT OF FAJARDO

| | |
|---|---|
| **MICHAEL MUEHE** | **CIVIL NO.** |
| Plaintiff | |
| v. | **CIVIL ACTION FOR:** |
| **LUQUILLO HOTEL COMPANY, LLC** | **PETITION FOR ORDER** |
| Defendant | |

### COMPLAINT

**TO THE HONORABLE COURT**

**COMES NOW** the plaintiff Michael Muehe, and respectfully requests a Permanent Injunction against Luquillo Hotel Company, LLC in accordance with the provisions of Title III of the Americans with Disabilities Act.

### I. INTRODUCTION

1. This action seeks to remedy multiple systematic violations of the Americans with Disabilities Act (ADA) by Luquillo Hotel Company, LLC, operator of Fairfield by Marriott Luquillo Beach: first, their deliberate misrepresentation and failure to honor guaranteed accessible accommodations to Mr. Michael Muehe, a person with severe mobility disabilities; second, their systematic maintenance of architectural barriers that deny equal access to individuals with disabilities; and third, their categorical refusal to provide reasonable accommodations despite clear requests from guests with disabilities.

2. On February 16, 2025, Mr. Muehe experienced discriminatory treatment when Fairfield by Marriott Luquillo Beach's reservation system explicitly guaranteed him an accessible room with a roll-in shower, only to inform him upon arrival that no such rooms were available despite his repeated emphasis during booking that he required this accommodation due to his full-time wheelchair use. This conduct was compounded by the hotel's subsequent refusal to make reasonable modifications to accommodate his needs, including their categorical denial of simple requests to adjust bed height for safe transfers. This conduct represents clear violations of 42 U.S.C. § 12182(b)(2)(A)(ii), which requires public accommodations to make reasonable modifications in policies, practices, or procedures

1

when necessary to afford access to individuals with disabilities, and 28 CFR § 36.302(e)(1)(iii)-(iv), which mandates proper reservation and holding of accessible rooms.

3. Independent of these accommodation failures, Fairfield by Marriott Luquillo Beach maintains numerous architectural barriers that violate 42 U.S.C. § 12182(b)(2)(A)(iv). These barriers - ranging from non-compliant accessible parking spaces lacking required access aisles to guest rooms with inadequate bathroom spacing and improperly configured sinks that prevent frontal wheelchair approach - constitute ongoing discrimination against Mr. Muehe, who experiences permanent spinal cord injury paralysis requiring full-time wheelchair use for mobility. Despite having opened in 2023 and being subject to current ADA standards, the establishment has chosen to maintain conditions that effectively exclude individuals with disabilities from full and equal enjoyment of their hospitality services.

4. The systematic nature of these violations is further evidenced by Defendant's deficient website information that fails to provide the detailed accessibility descriptions required by 28 CFR § 36.302(e)(1)(ii), their reservation system's inability to properly track and hold accessible rooms as mandated by federal regulations, and their staff's demonstrated lack of training regarding ADA obligations and reasonable accommodations.

5. For Mr. Muehe, a 66-year-old frequent traveler who depends on accessible accommodations to maintain his independence and dignity while traveling, these violations represent more than mere inconveniences. The combination of false guarantees, inadequate facilities, and refused accommodations has caused significant anxiety, loss of independence, safety risks, and emotional distress during what should have been a recreational stay. This lawsuit seeks comprehensive judicial intervention to ensure that Fairfield by Marriott Luquillo Beach fulfills its obligations under the ADA and that individuals with disabilities can access hotel accommodations with the safety, dignity and independence that Congress envisioned when enacting this civil rights legislation.

## II. PARTIES

6. The Plaintiff's name is: Michael Muehe. His mailing address is: 332 Jamaicaway #101, Jamaica Plain, MA 02130. His physical address is: 332 Jamaicaway #101, Jamaica Plain, MA 02130. His telephone number is: 617-462-3110.

2

7. The defendant Luquillo Hotel Company, LLC is the owner, operator, lessor and/or lessee of the public accommodation known as Fairfield by Marriott Luquillo Beach.

### III. FACTUAL ALLEGATIONS

#### A. Regarding Mr. Muehe's medical conditions:

8. Mr. Michael Muehe is a 66-year-old man who lives with a spinal cord injury resulting in paralysis, which forces him to use a wheelchair full-time for mobility. This severe neurological condition has caused significant limitations in his ability to move independently.

9. As a consequence of his injury, he depends completely on the use of a wheelchair for his daily mobility and requires accessible facilities, particularly roll-in showers to be able to perform his personal hygiene functions safely and independently.

10. Additionally, he requires personal care assistance and depends on sufficiently ample spaces to maneuver his wheelchair safely, especially in areas such as bathrooms, where he must be able to access both the toilet and sink without obstacles.

11. His autonomy is profoundly conditioned by the existence or non-existence of accessible spaces, and any architectural barrier represents an obstacle that prevents him from exercising his right to live independently and with dignity, especially when traveling and requiring lodging.

12. Due to the severity of his condition, he also faces significant difficulties in performing transfers between his wheelchair and other surfaces such as beds, requiring specific heights to be able to do so safely and independently.

#### B. Regarding the Property in Controversy

13. The property in controversy is the public accommodation known as Fairfield by Marriott Luquillo Beach, located at PR-3km, Ward #36.0, Luquillo, PR 00773, also known as 110 Seaside Drive, Luquillo, PR 00773.

   13.1. The defendant Luquillo Hotel Company, LLC is the owner of the public accommodation known as Fairfield by Marriott Luquillo Beach.

   13.2. The defendant Luquillo Hotel Company, LLC is the operator of the public accommodation known as Fairfield by Marriott Luquillo Beach.

   13.3. The defendant Luquillo Hotel Company, LLC is the lessee of the public accommodation known as Fairfield by Marriott Luquillo Beach.

#### C. The Discrimination at Fairfield by Marriott Luquillo Beach against Michael Muehe by reason of his disability

3

14. Mr. Michael Muehe travels frequently and depends on hotel accommodations that comply with ADA accessibility standards to be able to travel safely and independently. As a full-time wheelchair user, he requires rooms specifically designed with accessible roll-in showers to be able to maintain his personal hygiene.

15. On February 16, 2025, Mr. Muehe made a telephone reservation at number 800-627-7468 with a Marriott reservations agent named Martin to stay at Fairfield by Marriott Luquillo Beach. During this telephone conversation, Mr. Muehe repeatedly emphasized that, due to his full-time wheelchair use, he absolutely needed a room with a roll-in shower, as no other type of room would serve him.

16. Agent Martin specifically guaranteed him that he would have an accessible room with a roll-in shower, starting Monday, February 17, 2025, for 5 nights, departing on February 22nd. This guarantee was fundamental to Mr. Muehe's decision to proceed with the reservation and trip.

17. Upon arriving at the hotel on February 17, 2025, Joel Robles Sierra, the general manager, informed Mr. Muehe that there were no rooms available with roll-in showers. The manager admitted that Martin should never have made such a promise, since the entire hotel had only 2 rooms with roll-in showers, and both were occupied at that time.

18. As a result of this false representation, Mr. Muehe was forced to accept a supposedly "accessible" room with a bathtub instead of a roll-in shower during the first night, which caused him significant anxiety, loss of independence and reduction in his self-esteem by not being able to shower adequately.

19. The specific barriers that Mr. Muehe faced during his stay include:

    19.1. Failure to honor accessible room guarantee: Despite requesting and receiving explicit telephone confirmation of a room with a roll-in shower, he was informed upon arrival that no rooms with roll-in showers were available, forcing him to spend the first night in an inadequately accessible room. This experience caused him immediate anxiety and a profound sense of vulnerability upon finding himself in an unfamiliar place without the necessary facilities for his basic personal care.

    19.2. Parking barriers: The accessible parking space labeled as "van accessible" did not comply with legal requirements by not being located next to an 8-foot access aisle as required by law, limiting the space necessary to deploy mobility equipment and perform safe vehicle transfers.

4

19.3. Improper location of accessible spaces: Some of the accessible parking spaces were located significantly farther from the building entrance than some non-accessible spaces, contradicting the shortest accessible route requirements under the ADA and forcing users with disabilities to travel unnecessarily long distances.

19.4. Website accessibility issues: The Fairfield by Marriott Luquillo Beach website does not provide sufficient information to allow individuals with disabilities to reasonably determine whether the hotel or specific rooms satisfy their accessibility needs, directly violating 28 CFR § 36.302(e)(1)(ii).

19.5. Unsafe shower rod: In Room 202, the rod that supported the handheld shower was loose and in danger of detaching from the wall, creating a significant safety risk for a guest with limited mobility who depends on stable surfaces to maintain balance during transfers.

19.6. Inadequate bathroom spacing: The space between the toilet and sink was insufficient, making it extremely difficult for Mr. Muehe to maneuver his wheelchair and appropriately access both fixtures. This configuration prevented him from positioning himself correctly in front of the sink and made access to the toilet difficult, severely compromising his independence to perform his morning hygiene functions and causing him frustration and loss of dignity.

19.7. Inadequate height and configuration of the sink: The sink was installed at a height that did not allow comfortable frontal approach from the wheelchair, and lacked the necessary clear space underneath to allow the wheelchair user's knees and feet to position appropriately. This configuration forced Mr. Muehe to adopt uncomfortable and potentially dangerous positions to attempt to use the sink.

19.8. Inadequate bed height: The hotel bed was approximately 2 inches too low to allow safe and comfortable transfers between his wheelchair and the bed. This height difference created a significant risk of falls and required excessive physical effort for transfers. Despite repeated requests to make reasonable modifications to raise the height of the mattress, hotel staff categorically refused to make these adjustments, demonstrating a lack of understanding about reasonable accommodations.

19.9. When he was moved to a room with a roll-in shower the following day, Mr. Muehe encountered the same problems of inadequate spacing between the toilet and sink, again

5

resulting in loss of ability to perform his morning hygiene functions adequately, causing elevated anxiety, loss of independence and reduced self-esteem.

19.10. At the end of his visit, manager Joel Robles Sierra stated that he had consulted with his superiors at Marriott Corporation and they told him that the hotel fully complied with the Americans with Disabilities Act, and that a Marriott code compliance expert had conducted an inspection before the hotel opened in 2023.

20. To eliminate the barriers that currently prevent Mr. Michael Muehe from accessing Fairfield by Marriott Luquillo Beach independently and safely, several specific modifications must be implemented. Accessible parking spaces must be corrected to comply with ADA requirements, including appropriately marked 8-foot access aisles and location according to the shortest route to the building. Rooms designated as accessible must be modified to provide adequate spacing between the toilet and sink that allows complete wheelchair maneuvering, and sinks must be reinstalled at the appropriate height with clear space underneath that allows comfortable frontal approach from a wheelchair. Beds in accessible rooms must be adjusted to heights that facilitate safe transfers, and the hotel must implement policies that allow reasonable accommodations such as adjusting mattress height when requested by guests with disabilities. The reservation system must be corrected to ensure accurate tracking of accessible room availability and the website must be updated to provide detailed information about specific accessibility features as required by federal law. Shower rods and other bathroom fixtures must be properly secured to eliminate safety risks. Together, these measures would restore Mr. Muehe's ability to stay fully and autonomously at the hotel, eliminating the physical and operational obstacles that currently discourage him from using their services.

21. Mr. Muehe will be affected in the future by the barriers that exist at Fairfield by Marriott Luquillo Beach because:

21.1. As a frequent traveler who depends on accessible accommodations, he has plans to return to Puerto Rico and might consider staying again in the Luquillo area.

21.2. The systemic violations documented at the hotel indicate a pattern of non-compliance that will affect not only Mr. Muehe but other guests with disabilities.

21.3. The lack of compliance with accessible reservation guarantees creates uncertainty about the real availability of appropriate accommodations.

21.4. Mr. Muehe reserves the right to return at any time to Fairfield by Marriott Luquillo Beach for any lawful purpose, even when this means subjecting himself to discriminatory conditions.

### IV. INJURY IN FACT AND LIKELIHOOD OF FUTURE INJURY

#### A. Concrete and Particularized Injuries Sustained

22. Physical and Safety-Related Injuries: Mr. Muehe sustained immediate and concrete physical injuries as a direct result of the defendant's ADA violations, including:

    22.1. Unsafe transfer risks: The inadequate bed height, approximately 2 inches too low, created significant fall risks during transfers between his wheelchair and the bed, requiring excessive physical effort and compromising his safety during each transfer attempt throughout his five-night stay.

    22.2. Compromised personal hygiene: The inadequate bathroom spacing between toilet and sink prevented proper wheelchair maneuvering, severely limiting his ability to perform basic personal care functions independently and safely.

    22.3. Increased physical strain: The improperly configured sink, lacking adequate height and knee clearance, forced Mr. Muehe to adopt uncomfortable and potentially dangerous positions, causing physical strain and exertion beyond his normal capabilities.

    22.4. Safety hazards from defective fixtures: The loose shower rod in Room 202 created immediate safety risks, as Mr. Muehe depends on stable surfaces for balance and support during transfers and personal care activities.

23. Psychological and Emotional Injuries: Mr. Muehe experienced significant psychological harm that constitutes concrete injury in fact:

    23.1. Immediate anxiety and vulnerability: Upon arrival and discovering that his guaranteed accessible room was unavailable, Mr. Muehe experienced immediate anxiety and a profound sense of vulnerability, finding himself in an unfamiliar place without the necessary facilities for his basic personal care needs.

    23.2. Loss of dignity and self-esteem: The inability to perform basic hygiene functions adequately due to architectural barriers caused a significant reduction in his self-esteem and sense of personal dignity, particularly during what should have been a recreational and enjoyable stay.

7

23.3. Frustration and helplessness: The hotel's categorical refusal to make reasonable accommodations, such as adjusting bed height, generated feelings of frustration and helplessness, reinforcing his sense of being treated as a second-class customer. .

23.4. Social exclusion and isolation: The systemic barriers communicated a message of unwelcome and exclusion, making Mr. Muehe feel isolated and excluded from the full enjoyment of services that non-disabled guests routinely experience.

24. Dignitary and Civil Rights Injuries: Mr. Muehe sustained concrete dignitary harm that constitutes injury in fact under civil rights law:

24.1. Denial of equal treatment: The failure to provide genuinely accessible accommodations denied Mr. Muehe the equal treatment and dignity that federal law guarantees to all persons with disabilities.

24.2. Stigmatization: The systemic failures and staff responses communicated that his needs were burdensome and less important than those of non-disabled guests, causing stigmatization and reinforcing harmful stereotypes.

24.3. Deprivation of civil rights: Each architectural barrier and policy failure constituted a concrete deprivation of his federally protected civil rights to equal access to public accommodations

B. Likelihood of Future Injury

25. Established Travel Patterns and Financial Capacity: Mr. Muehe's likelihood of future injury is established by his documented travel patterns and capacity:

25.1. Regular travel dependency: As a frequent traveler who regularly depends on accessible accommodations to maintain his independence and dignity while traveling, Mr. Muehe has an established pattern of travel that will continue indefinitely.

25.2. Financial resources for continued travel: As a 66-year-old with demonstrated financial means to travel regularly, Mr. Muehe has both the capacity and intent to continue traveling, making future encounters with accessibility barriers highly probable.

25.3. Permanent accessibility needs: His spinal cord injury and full-time wheelchair use create an ongoing, permanent need for accessible accommodations that will persist throughout his lifetime, ensuring continued vulnerability to accessibility violations.

26. Specific Plans for Return to Luquillo Are: Mr. Muehe has concrete and specific plans to return to the Luquillo area that establish likelihood of future injury:

 26.1. Strategic location for recreational activities: The hotel's location provides optimal access to multiple destinations of significant personal interest to Mr. Muehe, making return visits highly probable.

 26.2. El Yunque National Forest access: Mr. Muehe intends to visit the famous El Yunque National Forest, and the hotel's proximity makes it a logical accommodation choice for accessing this destination.

 26.3. Luquillo Beach recreation: He plans to enjoy the renowned Luquillo Beach, one of Puerto Rico's most celebrated balnearios (public beaches), requiring accessible lodging in the immediate area.

 26.4. Culinary tourism intentions: Mr. Muehe specifically plans to experience the area's distinctive gastronomy at the popular Luquillo kiosks (kioskos de Luquillo), famous throughout Puerto Rico for their local cuisine, necessitating overnight accommodations in the area.

 26.5. Coastal exploration plans: He desires to explore and appreciate the beaches and scenic vistas that the area offers, activities that require accessible lodging as a base of operations for multiple days

27. Reasonable Reliance on Marriott Brand Standards: Mr. Muehe's likelihood of future injury is heightened by his reasonable reliance on national brand standards:

 27.1. Express reservation of rights: Mr. Muehe expressly reserves "the right to return at any time to Fairfield by Marriott Luquillo Beach for any lawful purpose," establishing his intent to return.

 27.2. National brand accessibility expectations: The Marriott chain represents a solid accommodation choice because it typically adheres to national accessibility standards as a general rule, creating reasonable expectations of compliance.

 27.3. Predictable experience reliance: Marriott offers a predictable and standardized experience in the majority of occasions, creating reasonable reliance on accessibility compliance that influences accommodation selection decisions.

 27.4. Brand reputation trust: Mr. Muehe values the Marriott brand and the company's stated efforts to protect its reputation, expecting the professional treatment that is generally received at Marriott properties nationwide.

9

27.5. Reasonable commercial reliance: Given Marriott's national presence and stated commitment to accessibility, Mr. Muehe reasonably relies on the brand's compliance with ADA requirements when making accommodation decisions.

28. Comprehensive Knowledge of Persistent Barriers: Mr. Muehe's likelihood of future injury is established by his detailed knowledge of ongoing violations:

28.1. Systematic barrier documentation: Through his February 2025 stay, Mr. Muehe obtained detailed, first-hand knowledge of the hotel's multiple accessibility violations, including architectural barriers, policy failures, and staff training deficiencies.

28.2. Source of barrier knowledge: This knowledge stems directly from his lived experience during the reservation process, arrival, and five-night stay, providing him with specific, concrete information about ongoing violations that remain unremediated.

28.3. Management's position on compliance: Mr. Muehe is aware that these barriers persist because hotel management explicitly stated that Marriott Corporation confirmed full ADA compliance, indicating no intent to remediate the documented violations.

28.4. Pattern of institutional non-compliance: The systematic nature of violations—from reservation system failures to architectural barriers to staff training deficiencies—demonstrates institutional non compliance rather than isolated incidents.

29. Continuing Nature of Violations and Harm: The certainty of future injury is established by the continuing nature of the violations:

29.1. Unchanged conditions: Given the hotel's position that it fully complies with ADA requirements, there is no indication that the documented barriers will be voluntarily remediated.

29.2. Inevitable future encounters: Mr. Muehe's specific plans to return to the Luquillo area, combined with the hotel's strategic location and his reasonable reliance on Marriott's brand standards, make future encounters with these barriers virtually certain.

29.3. Continuing violation doctrine: The architectural and policy violations constitute continuing violations that inflict ongoing harm each day they remain unremediated, regardless of whether Mr. Muehe is physically present at the property.

29.4. Deterrent effect on civil rights: The documented violations create a deterrent effect that chills Mr. Muehe's exercise of his civil rights to equal access to public accommodations, constituting ongoing injury.

30. Feelings of Frustration and Social Exclusion: Mr. Muehe experiences ongoing feelings of frustration and social exclusion that constitute continuing injury:

    30.1. Systemic frustration: The pattern of accessibility failures creates ongoing frustration with the hospitality industry's failure to provide equal access, affecting his willingness and ability to travel freely.

    30.2. Social exclusion messaging: The architectural barriers and policy failures communicate a message that individuals with disabilities are unwelcome or less valued, creating feelings of social exclusion that persist beyond the immediate stay.

    30.3. Anticipatory anxiety: Knowledge of the hotel's violations creates anticipatory anxiety about future travel experiences, diminishing his enjoyment of travel planning and execution.

    30.4. Community impact awareness: Understanding that these violations affect not only himself but the broader disability community amplifies his sense of injustice and social exclusion.

31. Broader Impact on Disability Community: The likelihood of future injury extends beyond Mr. Muehe's individual experience:

    31.1. Pattern affecting disability community: These violations demonstrate a pattern of discrimination that impacts the broader disability community, amplifying the public interest in remediation and the likelihood that similarly situated individuals will encounter the same barriers.

    31.2. Institutional barriers: The systematic nature of the violations indicates institutional barriers that will continue to affect multiple individuals with disabilities until comprehensively addressed.

    31.3. Precedential impact: The hotel's stated position that it fully complies with ADA requirements, despite documented violations, creates a precedent that may encourage similar non-compliance at other properties within the chain.

32. Based on these concrete injuries and the high probability of future harm, Mr. Muehe has established the requisite injury in fact and likelihood of future injury necessary for Article III standing to pursue this action for injunctive relief under the Americans with Disabilities Act.

**CAUSE OF ACTION**
**COUNT I**
**Violation of the Americans with Disabilities Act Title III- Architectural Barriers [42 U.S.C. § 12182(b)(2)(A)(iv)]**

33. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Mr. Michael Muehe is a person protected under Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12181 et seq., by virtue of a spinal cord injury that substantially limits his mobility and forces him to use a wheelchair full-time for movement. This condition interferes with various important activities of daily living, such as walking, moving safely, accessing public spaces autonomously, and performing basic personal care functions.

35. The defendant, Luquillo Hotel Company, LLC, is the owner, operator, lessor and lessee of the establishment known as Fairfield by Marriott Luquillo Beach, a public accommodation subject to the provisions of Title III of the ADA. This legislation imposes the legal obligation to remove architectural barriers when reasonably feasible, and to ensure that persons with disabilities can enjoy the goods, services and facilities offered under conditions of equality, dignity and safety.

36. Despite this legal obligation, the defendant maintains various physical and operational barriers that directly and unjustifiably affect Mr. Muehe's ability to access, stay and fully participate in the establishment's services. These barriers include, but are not limited to:

    36.1. Supposedly accessible rooms with inadequate spacing between the toilet and sink that prevents appropriate wheelchair maneuvering;

    36.2. Sinks installed at inadequate height without clear space underneath that allows frontal approach from assistive equipment;

    36.3. Beds in accessible rooms with inadequate height that prevents safe and independent transfers;

    36.4. Accessible parking spaces that do not comply with access aisle and shortest route location requirements;

    36.5. Deficient reservation system that allows confirmation of accessible rooms that are not actually available;

    36.6. Website that does not provide sufficiently detailed information about accessibility features;

    36.7. Institutional policies that refuse to make reasonable accommodations such as adjusting bed height;

    36.8. Bathroom fixtures installed unsafely that create risks for users with limited mobility.

37. These conditions are not incidental nor isolated; they constitute architectural and operational barriers that place Mr. Muehe in a position of structural disadvantage, limiting his right to access

lodging services under equal conditions. As a result of these barriers, Mr. Muehe experienced anxiety, loss of independence, safety risks and degradation of his dignity during his stay, and although he maintains the right to return to the establishment, the persistence of these conditions continues to prevent him from doing so with safety and autonomy.

38. The defendant, by not having removed the described architectural barriers nor adopted reasonable measures to guarantee full access, has incurred substantial and continuous violations of Title III of the ADA. The existence of these barriers has unjustly restricted Mr. Muehe's participation in ordinary public lodging services, generating a tangible deprivation of the federal rights that assist him as a person with a disability.

39. Additionally, the defendant deliberately presented false, incomplete or irregular information to competent authorities during the process of applying for use permits, with the purpose of obtaining the necessary authorization to operate its commercial establishment. This conduct allowed it to evade the compliance requirements established by the ADA, thus operating its business in open and sustained violation of federal accessibility standards.

40. By providing misleading information to obtain the corresponding permits, the defendant not only failed to comply with its duty of transparency before regulatory authorities, but also deliberately deprived persons with disabilities of the fundamental right to equal access to places of public accommodation, perpetuating discriminatory practices expressly prohibited by federal law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Michael Muehe respectfully requests that this Court enter judgment against Defendant and grant the following relief:

1. A permanent injunction in accordance with 42 USC § 12188 (a) (2) and 28 CFR § 36.504 (a) ordering the defendant to eliminate the architectural barriers that exist at Fairfield by Marriott Luquillo Beach through compliance with accessible design guidelines applicable according to its construction and alteration date, as follows:

    1.1. Modify rooms designated as accessible to ensure adequate spacing between bathroom fixtures that allows independent and safe use by wheelchair users.

    1.2. Correct deficiencies in accessible parking spaces, ensuring they comply with all ADA requirements, including appropriate access aisles and shortest route location.

    1.3. Implement policies that allow reasonable accommodations, such as adjusting bed heights when requested by guests with disabilities.

1.4.  Establish operational procedures that ensure accessible rooms are appropriately reserved and kept available for guests with disabilities.

2. A permanent injunction in accordance with 42 USC § 12188 (a) (2) and 28 CFR § 36.504 (a) ordering the defendant to correct its reservation systems and website to:

    2.1. Provide detailed and accurate information about accessibility features as required by 28 CFR § 36.302(e)(1)(ii).

    2.2. Implement tracking systems that ensure accessible room reservations are appropriately honored.

    2.3. Train reservation staff about ADA requirements and the hotel's actual accessibility features.

3. Attorney's fees, costs and litigation expenses, should the plaintiff prevail in its claims.

4. Reimbursement of hotel fees paid during the stay in which the ADA violations occurred.

5. The provision of any other remedy that is just and proper, in law or equity, and that has not been expressly requested, but that proceeds as a matter of law and in accordance with Rule 42.4 of the Rules of Civil Procedure of Puerto Rico.

**RESPECTFULLY SUBMITTED.**

Dated: July 17, 2025.

**VELEZ LAW GROUP LLC**
*Civil Rights Division*

s/José Carlos Vélez Colón
José C. Vélez Colón
RUA 18913

1449 S Michigan Ave, STE 13234
Chicago, IL 60605

Email: vlg@velezlawgroup.com
Teléfono:	(787)-422-1881

*ATTORNEY FOR PLAINTIFF*

14

FA2025CV00714 17/07/2025 04:01 pm Entrada Núm. 1 Página 1 de 3
Case 3:25-cv-01542-SCC-MEL    Document 1-4    Filed 10/09/25    Page 15 of 17

Form OAT 1721
January 2025

Page 1 of 3

Commonwealth of Puerto Rico
GENERAL COURT OF JUSTICE
**Court of First Instance**
☒ Superior ☐ Municipal Court of FAJARDO

| | |
|---|---|
| MICHAEL MUEHE | |
| Plaintiff | Case No. _____ |
| v. | Courtroom No. _____ |
| LUQUILLO HOTEL COMPANY, LLC | PETITION FOR ORDER |
| Defendant | Civil Action for: _____<br>Subject Matter |

**SUMMONS**

UNITED STATES OF AMERICA, SS
THE PRESIDENT OF THE UNITED STATES
THE COMMONWEALTH OF PUERTO RICO

To: _____  Luquillo Hotel Company, LLC _____
*Name of the defendant to be served*

120 Carr 693
Dorado, PR 0646
*Address of the defendant to be served*

YOU ARE HEREBY summoned to file with the court a responsive pleading within __30__ days after service of this summons on you, excluding the day you were served. You must file a responsive pleading through the Unified Case Management and Administration System (SUMAC, by its Spanish acronym), which you may access at https://www.poderjudicial.pr/index.php/tribunal-electronico/, unless the case record is in hard copy or you are a self-represented litigant, in which case you must file your responsive pleading with the Clerk of the Court and serve a copy of the same on the plaintiff's attorney or on the plaintiff without an attorney. If you fail to file a responsive pleading within the cited term, the Court may render judgment by default against you for the relief requested in the complaint or any other relief the Court may deem proper in the exercise of its sound discretion. Furthermore, you are advised that the Court may grant the following relief in cases under Law No. 57 of 2023, known as the Abuse Prevention, Family Preservation, and Child Safety, Well-being, and Protection Act, including placement of the child outside of the home, the commencement of proceedings to terminate parental rights, or any other measure in the interest of the minor child. (Law No. 57 of 2023, Section 33(b) and (f). You are advised of your right to appear with an attorney when applicable.

José Carlos Vélez Colón
*Name of plaintiff's attorney or plaintiff without an attorney*
18913
*Supreme Court No., if an attorney*

1449 S Michigan Ave, STE 13234
Chicago, IL 60605
*Address*
(787)-422-1881
*Telephone number; fax number*
vlg@velezlawgroup.com
*Email*

Issued under my hand and the seal of the Court, this _____ day of _____ _____.

By: _____

*Name of the*
Regional Clerk

*Name of the*
Assistant Clerk of the Court

*Signature of the*
Assistant Clerk of the Court

Form OAT 1721  
January 2025  
Page 2 of 3

Case No. _____

## CERTIFICATE OF SERVICE BY MARSHAL

I, _____ Marshal of the Court of First Instance of Puerto Rico, _____ Part.

I certify that I served this summons and complaint in this case on _____ / _____ / _____ , at _____ ☐ a.m. ☐ p.m., in the following manner:

☐ I personally delivered it to the defendant at the following physical address: _____

☐ It was made available in the immediate presence of the defendant at the following physical address: _____

☐ I left a copy of the documents with an agent authorized by the defendant or appointed by law to receive service of process at the following physical address: _____

☐ I was unable to serve this summons personally because: _____

In _____, Puerto Rico, this _____ day of _____ _____ .

_____  _____
*Name of Regional Marshal*          *Name of Marshal of the Court*
                                    *of First Instance and Badge No.*

                                    _____
                                    *Signature of Marshal of the Court of First Instance*

## SERVICE BY PRIVATE INDIVIDUAL

I, _____, state that I have legal capacity as provided in Rule 4.3 of the Rules of Civil Procedure of Puerto Rico. and certify that I served this summons and the complaint in this case on _____ / _____ / _____ , in the following manner:

☐ I personally delivered it to the defendant at the following physical address: _____

☐ It was made available in the immediate presence of the defendant at the following physical address: _____

☐ I left a copy of the documents with an agent authorized by the defendant or appointed by law to receive service of process at the following physical address: _____

☐ I was unable to serve this summons personally because: _____

COST OF SERVICE: $ _____

## STATEMENT OF PROCESS SERVER

I state under pain of perjury, pursuant to the laws of the Commonwealth of Puerto Rico, that the information provided in the certificate of service is true and correct.

IN WITNESS WHEREOF, I subscribe these presents in _____, Puerto Rico, this _____ day of _____ _____ .

_____  _____
*Process Server's Signature*

                                    *Process Server's Address*

AFFIDAVIT NO. _____ [when sworn before a notary]

Sworn and subscribed by _____ ,
of the personal circumstances stated above, whom I attest to _____ .

*(know personally or have identified through the supplemental means provided by Notarial Act)*

In _____, Puerto Rico, this _____ day of _____ _____ .

                                    By: _____

_____  _____
*Name of Notary or*                 *Name of the*
Regional Clerk                      Assistant Clerk of the Court

                                    _____
                                    *Signature of*
                                    Assistant Clerk of the Court

FA2025CV00714 17/07/2025 04:01 pm Entrada Núm. 1 Página 3 de 3
Case 3:25-cv-01542-SCC-MEL    Document 1-4    Filed 10/09/25    Page 17 of 17

Form OAT 1721
January 2025
Page 3 of 3

Case No. _____

## SERVICE UNDER LAW NO. 57 OF 2023

I, _____ , certify that I served this summons and the complaint in this case on _____ / _____ / _____ , in the following manner:

☐ By email sent to the defendant at the following address:
_____

☐ By regular mail sent to the defendant at the following address:
_____

### STATEMENT OF PROCESS SERVER

I state under pain of perjury, pursuant to the laws of the Commonwealth of Puerto Rico, that the information provided in the certificate of service is true and correct.

IN WITNESS WHEREOF, I subscribe these presents in _____ , Puerto Rico, this _____ day of _____ _____ .

_____
Process Server's Signature

_____
Process Server's Address

AFFIDAVIT NO. _____ [when sworn before a notary]

Sworn and subscribed by _____ , of the personal circumstances stated above, whom I attest to _____
_____
*(know personally or have identified through the supplemental means provided by Notarial Act)*

In _____ , Puerto Rico, this _____ day of _____ _____ .

_____
*Name of Notary or*
Regional Clerk

By: _____
*Name of the*
Assistant Clerk of the Court

_____
*Signature of*
Assistant Clerk of the Court